IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

CHARLES KENNETH HARRELL                                                          PLAINTIFF

V.                                    Case No. 3:14-cv-00029 KGB

NATHAN LEE HARRELL                                                               DEFENDANT

## ORDER

Plaintiff Charles Kenneth Harrell, an inmate housed at the Mississippi County Detention Facility, filed this lawsuit *pro se* under 42 U.S.C. § 1983 (Dkt. No. 1) and has now submitted an application for leave to proceed *in forma pauperis* (Dkt. No. 3)  Because Mr. Harrell has provided the necessary documentation, his request to proceed *in forma pauperis* is granted.

Local Rule 5.5(c)(2) includes requirements for parties who are not represented by counsel.  They must promptly notify the Clerk and the other parties in the case of any change in address; monitor the progress of the case and prosecute or defend the case diligently; sign all pleadings and include a current address, zip code, and telephone number; and be familiar with and follow both Local Rules and the Federal Rules of Civil Procedure.  Any plaintiff not represented by counsel must respond to communications from the Court within thirty (30) days, or the case may be dismissed without prejudice.

   I.     *In Forma Pauperis* Application

Even though Mr. Harrell will proceed *in forma pauperis*, the law requires him to pay the entire $350.00 filing fee.  28 U.S.C. § 1915(b)(1).  The only question is the amount of the monthly payments Mr. Harrell must make from his jail trust account to satisfy the filing fee. Here, Mr. Harrell's account information sheet shows that he does not have enough money available to pay an initial partial filing fee.  However, the entire filing will be paid from his

prison trust account, as funds become available. His present custodian or his designee will collect from Mr. Harrell's prison trust account the $350.00 filing fee by collecting monthly payments amounting to 20% of the preceding month's income credited to his prison trust account each time the amount in the account exceeds $10.00. Payments should be clearly identified by the name and number assigned to this action.

The Clerk of Court is directed to send a copy of this Order to the Arkansas Department of Correction Trust Fund Centralized Banking Office, P.O. Box 8908, Pine Bluff, Arkansas 71611, the Arkansas Department of Correction Compliance Division, P.O. Box 20550, Pine Bluff, Arkansas 71612, and the Warden/Director of the Mississippi County Detention Facility, 685 NCR 599, Luxora, Arkansas 72358.

## II.     Screening

Federal courts must screen prisoner complaints that seek relief against a government entity, officer, or employee. 28 U.S.C. § 1915A(a). Claims that are legally frivolous or malicious; that fail to state a claim upon which relief may be granted; or that seek money from a defendant who is immune from paying damages must be dismissed before the defendants are served. 28 U.S.C. § 1915A(b). However, the dismissal of a complaint under section 1915A does not negate a prisoner's obligation to pay the filing fee. *In re Prisoner Litig. Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997).

In his complaint, Mr. Harrell names his uncle, Nathan Lee Harrell, as the only defendant. Mr. Harrell fails to include any allegations to support a finding that defendant Harrell is a state actor; nor does he include any allegations to support an alleged violation of a constitutional or federal right. As a result, his claims against defendant Harrell brought under 42 U.S.C. § 1983

fail. *See* 42 U.S.C. § 1983; *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982) ("[T]he party charged with the deprivation must be a person who may fairly be said to be a state actor.").

Mr. Harrell's 42 U.S.C. § 1983 claims are dismissed without prejudice. The Court certifies that an *in forma pauperis* appeal from this dismissal would be frivolous and not taken in good faith.

IT IS SO ORDERED this 8th day of May, 2014.

_____
KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE